Russell S. Thompson IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Traci Brown, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Shapiro, Van Ess & Sherman, LLP,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Traci Brown ("Plaintiff") brings this putative class action against Defendant Shapiro, Van Ess & Sherman, LLP ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of herself and all others similarly situated.

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

8. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

9. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

10. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primary enforcement tool of the Act.'" *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

11. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals

are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

12. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (9th Cir. 2014) (emphasis in original).

13. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.*, 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

**PARTIES**

14. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

19. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a mortgage loan for Plaintiff's personal residence (the "Debt").

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated November 9, 2016.

23. A true and correct copy of Defendant's November 9, 2016 letter is attached to this complaint as Exhibit A.

24. Defendant's November 9, 2016 letter was its initial communication with Plaintiff with respect to the Debt.

25. As the initial communication, Defendant's November 9, 2016 letter purported to contain the disclosures required by the FDCPA at 15 U.S.C. § 1692g(a).

26. Among the required disclosures is "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

27. Defendant's November 9, 2016 letter states: "As of October 28, 2016 our client has advised that the amount of the debt is $66,927.27." Exhibit A.

28. Defendant's letter also states that: "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater." Exhibit A.

29. By its own terms, Defendant's letter therefore provides Plaintiff with a figure less than the actual amount due on the Debt.

30. By failing to state the amount of the Debt as of the date Defendant sent its letter, Defendant failed to meaningfully convey the correct amount of the Debt to the consumer.

31. Included in the disclosures under § 1692g(a) is "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4).

32. Also included in the disclosures under § 1692g(a) is "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5).

33. Defendant's November 9, 2016 letter states that if Plaintiff disputed the Debt in writing:

> If you notify us in writing within (30) days of the date you receive this notice that you are disputing the debt or any portion thereof, or if you notify us in writing within thirty (30) days of the date you receive this notice that you want to know the name of the original creditor if that creditor is different from the name above, then the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose the mortgage on your property until we obtain and mail to you verification of the debt and/or the name and address of the original creditor even if we have already initiated foreclosure proceedings.

Exhibit A.

34. First, Defendant's letter does not clearly convey that the consumer may request the name *and address* of the original creditor—as it states only that the consumer may notify Defendant that he or she wants to know the name of the original creditor.

35. Second, Defendant's letter does not state that it *will* obtain and mail the consumer verification of the debt.

36. Third, Defendant's representation that the FDCPA requires it to suspend its efforts to foreclose is false.

37. While a written dispute of the Debt would require Defendant to suspend its debt collection efforts, it would not require Defendant to suspend non-judicial foreclosure proceedings. *See Mansour v. Cal-W. Reconveyance Corp.,* 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) ("Courts also have held that a non-judicial foreclosure proceeding is not the collection of a 'debt' for purposes of the FDCPA."); *Hulse v. Ocwen Fed. Bank,* 195 F.Supp.2d 1188, 1204 (D. Or. 2002) (distinguishing foreclosure of interest in property from efforts to collect funds from debtor).

38. Therefore, Defendant's November 9, 2016 letter falsely represents Plaintiff's rights under the FDCPA.

39. Defendant's November 9, 2016 letter also purported to contain the disclosure required by the FDCPA at 15 U.S.C. § 1692e(11). 15 U.S.C. § 1692e(11) (This subsection of § 1692e requires a statement "that the debt collector is attempting to collect a debt and that any information will be used for that purpose . . . .").

40. Defendant's November 9, 2016 letter states:

> PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT **THIS OFFICE MAY BE DEEMED TO BE A DEBT COLLECTOR**. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit A (emphasis added) (all-caps in original).

41. Defendant's November 9, 2016 letter fails to properly convey the disclosure required by the FDCPA, including by failing to state that Defendant that "defendant is attempting to collect a debt . . . ." 15 U.S.C. § 1692e(11).

42. Nor does Defendant's statement make clear for what purpose any information obtained will be used—i.e. for the purpose of attempting to collect a debt.

43. Additionally, the November 9, 2016 letter only stated that Defendant *may* be a debt collector when Defendant knows or should know that it is a debt collector.

44. Certainly, if Defendant purports to be unsure whether it is a debt collector, the least sophisticated consumer would not understand whether Defendant is, in fact, a debt collector.

## CLASS ACTION ALLEGATIONS

45. Plaintiff repeats and re-alleges all factual allegations above.

46. The November 9, 2016 letter is based on a form or template (the "Template").

47. Defendant regularly sends letters based on the Template as its initial communication to a consumer.

48. The Template states an amount that Plaintiff owes as of a date prior to the date that Defendant sent the letter.

49. The Template further states that Defendant "may be deemed to be a debt collector."

50. The Template does not clearly disclose that the consumer has the right to request the name *and address* of the original creditor.

51. The Template also states that Plaintiff's written dispute of the Debt would require Defendant, under the FDCPA, to suspend its foreclosure of Plaintiff's property.

52. Defendant has sent more than 40 collection letters based upon the Template to individuals in the State of Arizona in the year prior to the filing of this action.

53. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class:

> All individuals with an Arizona address to whom Defendant sent a letter based on the Template, within one year before the date of this complaint and in connection with the collection of a consumer debt.

54. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

55. The class is averred to be so numerous that joinder of members is impracticable.

56. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

57. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

58. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq*.; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

59. The claims of Plaintiff are typical of the claims of the class she seeks to represent.

60. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

61. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

62. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

63. Plaintiff is willing and prepared to serve this Court and the proposed class.

64. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

65. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

66. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

67. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

68. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

69. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

70. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(10)

71. Plaintiff repeats and re-alleges each factual allegation above.

72. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.' " *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006)).

73.     Defendant violated 15 U.S.C. § 1692e(10) for making false, deceptive, and misleading statements, including by ambiguously stating that it "may be deemed to be a debt collector" where a consumer could reasonably interpret that Defendant is, or is not, a debt collector.

74.     Defendant further violated 15 U.S.C. § 1692e(10) for falsely stating that Plaintiff's written dispute would require Defendant to suspend its foreclosure proceedings.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    f) Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

    g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

75. Plaintiff repeats and re-alleges each factual allegation above.

76. Defendant violated 15 U.S.C. § 1692e(11) by failing to clearly state in its initial communication that it is attempting to collect a debt and that any information will be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

    b) Adjudging that Defendant violated 15 U.S.C. § 1692e(11) with respect to Plaintiff and the class she seeks to represent;

    c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)

77. Plaintiff repeats and re-alleges each factual allegation above.

78. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

79. "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted); *see also Janetos v. Fulton Friedman & Gullace,*

*LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

80. "It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

81. A debt collection letter does not comply with 15 U.S.C. § 1692g(a)(1) by providing the consumer with an amount that is actually less than the amount due as of the date of the letter. *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) ("Defendant's letters state the amount of the debt 'as of 01/13/2014.' But the Defendant sent the letters on February 21, 2014. As the letter observes, 'interest and other items will continue to accrue.' By its own terms, the letter therefore provides Plaintiff with a figure less than his actual amount due.").

82. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the alleged debt to Plaintiff in its November 9, 2016 letter.

83. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to meaningfully convey the consumer's right to request the name and address of the original creditor in its November 9, 2016 letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692g(a) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

84. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 22, 2017

                                                  Respectfully submitted,

                                                  <u>s/ Russell S. Thompson IV</u>
                                                  Russell S. Thompson IV (029098)
                                                  Thompson Consumer Law Group, PLLC
                                                  5235 E. Southern Ave., D106-618

Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff